## DAYTON v. TILLOTSON.

**Assignment:** LIABILITY OF ASSIGNOR: CONSIDERATION. When the assignor of negotiable paper, either by delivery or indorsement without recourse, knows it to be of no value, and the assignee receives it in ignorance of such fact, paying for it a valuable consideration, he may recover from the assignor the consideration paid or its reasonable equivalent. Following *Watson v. Cheshire,* 18 Iowa, 202.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS action was originally commenced before a justice of the peace, to recover a balance due upon a promissory note for fifteen dollars. The defendant admitted the execution of the

note, and alleged that it was given under the following circumstances, to-wit: the defendant sold plaintiff a horse at sixty dollars, and in payment plaintiff indorsed without recourse, a note for seventy-five dollars on Andrew Johnson and C. H. Peterson, falsely pretending, and upon which defendant relied, that the note was on responsible farmers and collectible, when it was not, but was utterly worthless, and plaintiff knew it; that defendant offered to return the note as soon as he discovered the facts; that the note sued on was given for the difference between the note and horse. The defendant asked judgment for the sixty dollars. Reply in denial. Trial to jury in Circuit Court; verdict and judgment for plaintiff. The defendant appeals.

*M. P. Hathaway*, for appellant.

*Morss & Brown*, for appellee.

COLE, J.—The defendant asked the court to instruct the jury as follows: "1. In all cases where the assignor, whether by delivery or indorsement without recourse, of a negotiable note, knows it to be of no value, and the assignee receives it in good faith, not aware of the fact, paying a valuable consideration of any kind, the assignor may be compelled to repay or return the consideration thus received." "3. If you are satisfied from the evidence that the seventy-five dollar note was worthless when sold by Dayton to Tillotson, and that Dayton *knew* the fact at the time he sold said note to Tillotson, then Tillotson is entitled to recover in this action whatever the consideration paid was reasonably worth." There was evidence in the case upon which to base these instructions. In the case of *Watson v. Cheshire*, 18 Iowa, 202, the doctrine of these instructions was expressly stated and approved. They should, therefore, have been given; and the third given by the court, stating the contrary doctrine, should not have been given.

REVERSED.